

CORPORATION SERVICE COMPANY®

# Notice of Service of Process

null / ALL
Transmittal Number: 12546182
Date Processed: 05/20/2014

| | |
|---|---|
| Primary Contact: | Kelley A Grady<br>Lincoln Financial Group<br>150 N Radnor Chester Rd<br>Radnor, PA 19087 |
| Copy of transmittal only provided to: | Ms. Debbie Bauermeister<br>Lori Yonkman<br>Ms. Shawn Gross |
| Entity: | The Lincoln National Life Insurance Company<br>Entity ID Number 0186956 |
| Entity Served: | Lincoln National Life Insurance Company |
| Title of Action: | Sonya G. Coffey vs. LIncoln Natiuonal Life Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Roane County Circuit Court, Tennessee |
| Case/Reference No: | 14-CV-61 |
| Jurisdiction Served: | Tennessee |
| Date Served on CSC: | 05/19/2014 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | TN Dept of Commerce & Insurance on 05/14/2014 |
| How Served: | Certified Mail |
| Sender Information: | Jesse D. Nelson<br>865-383-1053 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

May 14, 2014

Lincoln National Life Insurance Company
2908 Poston Avenue, % C S C
Nashville, TN 37203
NAIC # 65676

Certified Mail
Return Receipt Requested
7012 3460 0002 8943 2717
Cashier # 15515

Re:  Sonya G. Coffey  V.  Lincoln National Life Insurance Company

   Docket # 14-CV-61

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served May 14, 2014, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Roane County
    200 East Race Street #11
    Kingston, Tn 37763

| ROANE County | STATE OF TENNESSEE CIVIL SUMMONS page 1 of 1 | Case Number 14-CV-61 |
|---|---|---|
| | Sonya G. Coffey  Vs.  Lincoln National Life Insurance Co. | |

Served On:

Registered Agent    c/o TN Dept. of Commerce and Insurance, 500 James Robertson Pkwy, Nashville, TN 37243

You are hereby summoned to defend a civil action filed against you in ____Circuit____ Court, ____Roane____ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 5-8-14

_Amy Brown_
Clerk / Deputy Clerk

Attorney for Plaintiff:   Jesse D. Nelson, Law Office of Jesse D. Nelson, PLLC
9724 Kingston Pike, Ste 104, Knoxville, TN 37922; (865) 383-1053

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____   By: _____
Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

Notary Public / Deputy Clerk (Comm. Expires _____ )

Signature of Plaintiff   Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____.*

Rev. 03/11

IN THE CIRCUIT COURT OF ROANE COUNTY, TENNESSEE
AT KINGSTON

| | |
|---|---|
| SONYA G. COFFEY, | ) |
| Plaintiff, | ) )  ) |
| v. | ) No.: 14-CV-61 |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) ) JURY DEMANDED |
| Defendant. | ) ) ) |

## COMPLAINT

Comes now the Plaintiff, Sonya G. Coffey, by and through counsel, and sues Defendant Lincoln National Life Insurance Company, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an adult resident of Harriman, Roane County, Tennessee.

2. Defendant is a foreign corporation authorized to issue policies of insurance in Tennessee. It may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance.

3. The Court has jurisdiction over this matter pursuant to Tenn. Code Ann. §§ 16-10-101 and 106. Venue is proper in Roane County.

### FACTS AND CAUSES OF ACTION

4. Defendant issued to Ms. Coffey a policy of insurance that purports to provide long-term disability benefits to eligible insureds. A copy of the policy is not being attached hereto because, as will be set forth in greater detail below, Ms. Coffey only has an incomplete copy of a policy that may be the applicable contract of insurance.

1

5. The insurance policy is not an employee welfare benefit plan and is not governed by the Employee Retirement Income Security Act of 1974; Ms. Coffey is an individual insured under the policy and has paid all the premiums therefor.

6. Ms. Coffey was/is a covered and eligible beneficiary under the policy, and all premiums were/are paid and current.

7. Ms. Coffey has been diagnosed with multiple conditions and symptoms, including but not limited to asthma, anemia, GERD, hypothyroidism, weekly migraines, irritable bowel syndrome, restless leg syndrome, vertigo, Type 2 diabetes – insulin dependent, diabetic eye damage, ruptured cervical discs, fibromyalgia, chronic fatigue, gastroparesis, low blood pressure, sleep apnea, retinopathy, mitral valve prolapse, interstitial cystitis, peptic ulcer disease, arthritis, hearing loss, attention deficit disorder, and depression.

8. All or most of these diseases and illnesses were diagnosed during the contractual period of the policy; Some have developed, been diagnosed, and/or substantially worsened as late as 2013.

9. Despite her diagnoses and while remaining under the care of various physicians, Ms. Coffey continued to work until approximately March 24, 2009. As the diseases and symptoms progressed, however, she began to experience significant decline in her physical abilities and condition. She was advised by her physician that she was no longer physically capable of working.

10. Ms. Coffey properly filed a claim in the spring or summer of 2009 for long-term disability benefits under Defendant's policy. Despite there being substantial medical evidence to support her claim for benefits, Defendant wrongfully denied her claim.

11. Ms. Coffey properly appealed Defendant's denial through its internal appeal procedures. She also complied with each of Defendant's proof of loss requirements and readily

submitted all medical information that was requested. Throughout the process Defendant willfully refused to consider the medical evidence and opinions of Ms. Coffey's various providers and fraudulently denied her claim for long-term disability benefits. Nevertheless, Ms. Coffey chose not to pursue litigation at that time.

12. During that process and continuing to this day, Ms. Coffey's medical condition has steadily deteriorated. She has since been diagnosed with new conditions and diseases, started additional medication regimens, undergone multiple tests, and has begun treating with new medical specialists. She takes approximately twenty-eight (28) separate medications and treats with approximately eight (8) medical specialists.

13. As a result of these new conditions, symptoms, and diagnoses—and relying upon Defendant's final denial of Claim No. 1090189340—Ms. Coffey attempted to file a new claim for long-term disability benefits on or about October 25, 2013.

14. Defendant never provided written confirmation of Ms. Coffey's claim nor did it notify her what additional information, if any, was needed to investigate the bases of her new claim.

15. Ms. Coffey, acting through counsel, made multiple attempts to discuss with Defendant the status of her claim and its investigation into Ms. Coffey's eligibility under the policy. Ms. Coffey also made repeated written and verbal requests for a complete copy of the applicable policy. Although Defendant's claims representatives acknowledged orally its receipt of Ms. Coffey's claim and indicated that they "were looking into it" and had obtained "over 400 pages of medical records," Defendant did not initiate communication with Ms. Coffey or her counsel, did not advise her of the status of its investigation, if any, and never provided a timeline for making its decision.

3

16. Despite repeated requests in writing and orally, Defendant refuses to this day to provide Ms. Coffey a copy of her policy of insurance.

17. On or about February 24, 2014, Defendant's claims professional—Latoya Renee Harris—left a voicemail at Ms. Coffey's counsel's office advising that Defendant refuses to accept or further investigate Ms. Coffey's October 2013 claim; rather, Defendant asserts that Ms. Coffey has already exhausted the internal appeals process arising from her 2009 claim and, therefore, is not entitled to file a new claim. This is despite the facts that Defendant continues to accept premium payments from Ms. Coffey and issued more than two years ago its final denial of her 2009 claim.

18. In a confirming letter of February 27, 2014 Ms. Coffey's legal counsel requested that Defendant provide a written explanation or other denial of her claim. In addition to making a formal demand that Defendant immediately begin paying benefits under Ms. Coffey's contract or risk the court-imposed bad faith penalty, her counsel made a fourth request for a complete copy of the insurance policy. Defendant has refused to issue a written denial of Ms. Coffey's claim, has refused to reference the facts and/or documents on which it relied in denying her claim, has refused to allow her to file a new claim for benefits under the contract, has refused to pay the benefits under the contract that are long-since past due, and has refused multiple requests to provide a copy of the insurance contract.

19. Ms. Coffey continues to be unable to perform the duties of any occupation and continues to be under the care of a physician for her multiple conditions, diseases, and ailments. She cannot shower without someone present, cannot clean house, cannot prepare meals, and cannot administer her own medication without assistance and supervision.

4

20. Her disability has persisted throughout the duration of her first claim and intensified in the subsequent four-plus years; it will continue throughout the remainder of her life.

## COUNT 1 – BREACH OF CONTRACT

21. A valid contract of insurance exists between Ms. Coffey and Defendant.

22. Ms. Coffey has met and continues to meet all eligibility requirements under the contract to receive long-term disability benefits.

23. Ms. Coffey has given Defendant formal, written notice that it is in breach of the contract and has made a formal demand that Defendant honor its contractual obligations.

24. Defendant has breached and continues to be in breach of its duties under the policy in that it has refused to pay any of the benefits to which Ms. Coffey is entitled.

25. As a direct and proximate result of Defendant's breach, Ms. Coffey has suffered and continues to suffer substantial losses and damages.

## COUNT 2 – BAD FAITH

26. Defendant at all times owed Ms. Coffey a duty to exercise good faith in its dealings with her under the contract of insurance.

27. Ms. Coffey made a proper and formal demand for payment, which was due and payable pursuant to the terms of the policy, yet Defendant has wholly refused to honor its obligations.

28. Defendant acted in bad faith in its claims handling, "investigation," and denial of Ms. Coffey's claim. Such bad faith behavior includes but is not limited to its consideration (or lack thereof) of the medical evidence presented by Ms. Coffey's physicians, its refusal to acknowledge her claim for benefits, refusal to provide a written denial of claim, refusal to provide a written explanation for the denial, and refusal to give Ms. Coffey a copy of her policy.

5

Case 3:14-cv-00252-PLR-CCS   Document 1-2   Filed 06/10/14   Page 8 of 11   PageID #: 16

29. Included with Ms. Coffey's formal demand for payment was her written notice that she intended to seek the bad-faith penalty arising from Defendant's behavior. More than sixty (60) days have elapsed since Ms. Coffey's formal demand for benefit payments and her notice to Defendant that she intended to seek the statutory bad-faith penalty.

30. As a direct and proximate result of Defendant's bad faith, Ms. Coffey has incurred and will continue to incur additional loss and expense, including attorney fees.

## PRAYER FOR RELIEF

THEREFORE, based on the foregoing, Plaintiff Sonya G. Coffey prays for the following judgment and relief:

31. A judgment, declaratory or otherwise, that Defendant is in material breach of its contractual obligations to Ms. Coffey;

32. A judgment, declaratory or otherwise, that Defendant is estopped from relying on any statute of limitations defense arising from Ms. Coffey's initial claim for benefits;

33. In the alternative, a judgment, declaratory or otherwise, that Ms. Coffey is entitled under the terms of the contract to initiate a new claim for long-term disability benefits and is entitled to the receipt thereof.

34. A judgment, declaratory or otherwise, that Defendant engaged in bad faith in its handling of Mr. Coffey's claim;

35. An order requiring Defendant to fully perform its obligations under the contract of insurance, including the payment of future benefits;

36. All past-due benefits to which Ms. Coffey is entitled under the terms of the contract, not to exceed $450,000.00;

37. Prejudgment interest;

6

38. An additional twenty-five percent (25%) of Defendant's contractual liability as a result of its bad faith, pursuant to Tenn. Code Ann. § 56-7-105;

39. All attorneys' fees and costs;

40. That a jury be empaneled to decide all disputed issues of fact; and

41. All other general, legal, or equitable relief to which she is entitled.

Dated this 7th day of May, 2014.

RESPECTFULLY SUBMITTED,

JESSE D. NELSON (BPR # 025602)
LAW OFFICE OF JESSE D. NELSON, PLLC
*Attorney for Plaintiff Sonya G. Coffey*
9724 Kingston Pike, Suite 104
Knoxville, TN 37922
(865) 383-1053
jesse@jessenelsonlaw.com

## COST BOND

The Law Office of Jesse D. Nelson, PLLC acknowledges itself Surety for the Principal, Sonya G. Coffey, and agrees to be bound to the Circuit Court Clerk of Roane County, Tennessee, for the payment of all costs awarded against the Principal in this action not to exceed $1,000.00. To that end it binds itself, its heirs, executors and administrators pursuant to Tenn. Code Ann. § 20-12-120.

JESSE D. NELSON

7

State of Tennessee
Dept. of Commerce & Insurance
Service of Process
500 James Robertson Parkway
Nashville, TN 37243

**CERTIFIED MAIL**



7012 3460 0002 8943 2717

FIRST CLASS

$ 06.69
0004292626   MAY 16 2014
MAILED FROM ZIP CODE 37243

7012 3460 0002 8943 2717     05/14/2014
LINCOLN NATIONAL LIFE INSURANCE COMPAN
2908 POSTON AVENUE, % C S C
NASHVILLE, TN  37203

37203$1312 C025